UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| EDWARD LEE CLEMMONS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1464 |
| | ) | |
| TERI KENNEDY and | ) | |
| JOHN BALDWIN | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER AND OPINION

Now before the Court is Petitioner Edward Lee Clemmons ("Petitioner" or "Clemmons") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).[1] Also pending before the Court are Petitioner's Motion for Leave to Supplement Documents (Doc. 2) and Motion for Leave to Proceed in forma pauperis (Doc. 4). For the reasons below, the Court concludes that the Petition does not survive preliminary review under 28 U.S.C. § 2243 and Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts and it must be summarily dismissed.

Petitioner is serving a sentence of life imprisonment for his conviction in a Kansas state court. He is currently incarcerated at the Pontiac Correctional Center in Pontiac, Illinois. He has previously filed numerous petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to challenge his state court conviction and sentence. Petitioner's filings were summarized his most recent § 2254 Petition before Judge McDade in 2011:

> Petitioner filed his first § 2254 petition in 1990 under *Clemmons v. Davies*, No. 90-cv-3035, 1992 WL 50579 (D. Kan. Feb. 25, 1992), and his second in 1994, which was dismissed as successive and affirmed by the Tenth Circuit Court of Appeals in *Clemmons*

---
[1] Citations to documents filed in this case are styled as "Doc. __."

> *v. Stotts*, 48 F.3d 1231 (10th Cir. 1995). In addition, in April 2004, Petitioner filed a motion for reconsideration of his 1990 § 2254 petition, which the Tenth Circuit construed as a second or successive habeas petition for which it denied authorization. *Clemmons v. Davies*, 198 Fed. Appx. 763 (10th Cir. 2006). Finally, on August 23, 2007, Petitioner filed a § 2254 Petition with the Central District of Illinois, which Judge Mihm dismissed for lack of jurisdiction as a second or successive petition for habeas relief without proper authorization. *Clemmons v. Jones*, No. 07-cv-1221, 2008 WL 548638 (C.D. Ill. Feb. 26, 2008).

*Clemmons v. Pierce,* 11-cv-1096, Order, ECF No. 4 (C.D. Ill. Mar. 15, 2011). In that case, Petitioner had filed yet another § 2254 Petition, which Judge McDade again dismissed for lack of jurisdiction as a second or successive petition for habeas relief without proper authorization. *Id.*

While Petitioner has captioned his current petition as one brought under 28 U.S.C. § 2241, a state prisoner's exclusive habeas remedy is under 28 U.S.C. § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) ("[T]he requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction."). Accordingly, as has been previously explained to Petitioner by Judge Mihm in Case No. 07-cv-1221, Judge McDade in Case No. 11-cv-1096, and the Seventh Circuit, because Petitioner has previously mounted a collateral attack on his 1984 conviction, the instant petition is successive and § 2244(b)(3)(A) requires Petitioner to first obtain an order from the appropriate court of appeals authorizing the district court to consider a second or successive petition. Because Petitioner has not done so, his case is DISMISSED for lack of jurisdiction. Petitioner's Motion for Leave to Supplement Documents (Doc. 2) and Motion for Leave to Proceed in forma pauperis (Doc. 4) are DISMISSED AS MOOT. This case is CLOSED.

Signed on this 27th day of March 2019.

                                      *s/ James E. Shadid*
                                      James E. Shadid
                                      United States District Judge