**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| EDWARD LEE CLEMMONS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1464 |
| | ) | |
| TERI KENNEDY, and | ) | |
| JOHN BALDWIN | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER AND OPINION

Now before the Court is Petitioner Edward Lee Clemmons' Motion for Reconsideration Under Rule 59(e) (Doc. 8). For the reasons set forth below, Clemmons' Motion is DENIED.

On December 28, 2018, Clemmons filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. This Court summarily dismissed Clemmons' Petition on March 27, 2019, finding that Clemmons' exclusive remedy as a state prisoner was under § 2254. As Clemmons had previously mounted a collateral attack on his 1984 Kansas state conviction, the instant petition is successive and § 2244(b)(3)(A) required Clemmons to first obtain an order from the appropriate court of appeals authorizing the district court to consider a second or successive petition. Because he had not done so, this Court dismissed the Petition for lack of jurisdiction.

Clemmons has timely filed his Motion to Reconsider pursuant to Fed. R. Civ. P. 59(e). "Courts may grant Rule 59(e) motions to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of [the decision] or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal citation omitted). This

enables courts to correct their own errors an avoid unnecessary appeals. *Id.* However, Rule 59(e) motions should not be used "to 'rehash' previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

Clemmons argues that the Court erred in its ruling because the Court has jurisdiction to entertain a § 2241(c)(3) petition based on the Interstate Compact, and the Court has personal jurisdiction over Clemmons. However, while a prisoner in state custody who is *awaiting* extradition may pursue relief through a § 2241 petition, the Seventh Circuit has held that "as long as the person is in custody pursuant to the *judgment* of a state court" the requirements of § 2254 apply. *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). This includes the requirement pursuant to § 2244(b)(3)(A) that petitioners must first obtain an order from the appropriate court of appeals authorizing the district court to consider a second or successive petition. Clemmons is being held pursuant to the judgment of the Kansas state courts, and, therefore, must meet the requirements of § 2254. While Clemmons argues that such a result would amount to a suspension of the writ of habeas corpus, contrary to Article I, § 9 of the Constitution, the Supreme Court has long held that the restrictions on successive § 2254 petitions do not amount to a suspension of the writ. *See Felker v. Turpin*, 518 U.S. 651, 664, 116 S. Ct. 2333, 2340 (1996). Accordingly, the Court finds that Clemmons has not established any error of law or fact in the Court's original order and judgment.

For the reasons set forth above, Petitioner's Motion for Reconsideration (Doc. 8) is DENIED.

        Signed on this 7th day of May, 2019.

                                            *s/ James E. Shadid*
                                            James E. Shadid
                                            United States District Judge